NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

GENE WILSON FORT, *Appellant*.

No. 1 CA-CR 15-0353
FILED 4-5-2016

Appeal from the Superior Court in Maricopa County
No. CR2000-002632
The Honorable J. Justin McGuire, Commissioner

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Louise Stark
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jon W. Thompson delivered the decision of the Court, in which Judge Maurice Portley and Judge Patricia K. Norris joined.

---

**T H O M P S O N**, Presiding Judge:

¶1         This case comes to us as an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Gene Wilson Fort (defendant) has advised us that, after searching the entire record, she has been unable to discover any arguable questions of law and has filed a brief requesting this court conduct an *Anders* review of the record.  Defendant has been afforded an opportunity to file a supplemental brief *in propria persona*, but he has not done so.

¶2         In 2000, defendant pled guilty to two counts of attempted sexual conduct with a minor, both dangerous crimes against children and class 3 felonies.  On one count, the court sentenced defendant to ten years of imprisonment. On the second count, the trial court suspended the imposition of sentencing and placed defendant on lifetime probation.

¶3         In 2015, defendant informed his probation officer that he had given A.P. and A.P.'s family over $60,000 in the previous months.  A.P. was also on probation.  A.P. was married with a four-year old son and eight-year old daughter (the children).  Defendant had interacted with the children by talking to them, and by hugging and holding them.  A text message between defendant and A.P. indicated that defendant knew about A.P.'s probation.

¶4         The state petitioned for revocation of defendant's probation and charged him with violating several terms of his probation.  The trial court found defendant guilty of violating terms 6 (knowingly associating with any person having a criminal record) and 17f-1 (contact with any child under the age of 18) of his probation.  The court suspended the imposition of sentencing and reinstated defendant on lifetime probation. The court ordered defendant to serve one year in jail as a condition of his probation.

¶5         We have read and considered defendant's *Anders* brief, and we have searched the entire record for reversible error.  *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.  We find none.  All of the proceedings were

conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory limits. Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984), defendant's counsel's obligations in this appeal are at an end. Defendant has thirty days from the date of this decision in which to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.

¶6       We affirm the imposition of probation.



Ruth A. Willingham · Clerk of the Court
FILED : ama